IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL FREDRICK JOHNSON                                                    PLAINTIFF

v.                                  CIVIL NO. 16-5346

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Michael Fredrick Johnson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and his claims for supplemental security income (SSI) benefits under the provisions of Title II and Title XVI of the Social Security Act. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff filed his application for DIB on July 8, 2014, and protectively filed his application for SSI on August 1, 2014, alleging an inability to work since October 31, 2013, due to pain in his neck, back, elbows, and right foot, sleeping problems, learning disabilities, depressed and anxious feelings, and throat difficulties. (Tr. 225.) An administrative hearing was held on August 27, 2015, at which Plaintiff appeared with counsel and testified and a vocational expert (VE) also testified. (Tr. 32-69).

By written decision dated October 15, 2015, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe.

---

[1]Nancy A. Berryhiill has been appointed to serve as acting Commisioner of Social Security and is substituted as the Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Specifically, the ALJ found that Plaintiff had the following severe impairments: hypertension, degenerative disc disease of the cervical spine status-post fixation, degenerative disc disease of the lumbar spine, and obesity. (Tr. 18.) However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18-19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work. (Tr. 19-22). With the help of a VE, the ALJ determined that Plaintiff could perform his past relevant work as a cashier II. (Tr. 22). The ALJ alternatively found that applying the Medical-Vocational Rules directly supported a finding of not disabled. The ALJ also alternatively found, based on testimony from the VE, that there were other jobs that existed in significant numbers in the national economy that the Plaintiff could perform, such as housekeeper and fast food worker. (Tr. 23.)

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional evidence submitted by the Plaintiff but denied the request for review on October 24, 2016. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 1st day of March 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE